Jane POLLEY, as Personal Representative of the Estate of Robert Polley, Jr., Plaintiff,

v.

CIBA–GEIGY CORPORATION, the Upjohn Company, and USV Pharmaceutical Corporation, Defendants.

No. A86–327 Civ.

United States District Court, D. Alaska.

Feb. 11, 1987.

Law Offices of David B. Ruskin, P.C., Anchorage, Alaska, for plaintiff.

Lane, Powell & Barker, Anchorage, Alaska, for Ciba-Geigy Corp.

Burr, Pease & Kurtz, Inc., Anchorage, Alaska, for Upjohn Co.

## ORDER

HOLLAND, District Judge.

### Ruling on Motion for Summary Judgment

The Court now has before it Defendant Upjohn's motion for partial summary judgment.

Upjohn seeks a determination, as the law of the case, that drug manufacturers have a duty to provide physicians with reasonable warnings of the risks inherent in the use of prescription medicines which they manufacture and that drug manufacturers have no duty to advise patients directly, or to use physicians as mere conduits for specific patient instructions generated by the manufacturers.

Upjohn requests a ruling that evidence of "patient brochures", or other materials designed by a manufacturer of prescription medicines for ultimate distribution to patients, is irrelevant to a manufacturer's duty to warn. Upjohn contends that such evidence should not be admissible since the manufacturer's duty to warn the physician is satisfied by the provision to physicians of warnings which reasonably disclose all risks inherent in the use of the drug which the manufacturer knew or should have known to exist.

Prior to removal of this action, Upjohn moved in state court for summary judgment. Upjohn sought a determination that a drug manufacturer has no legal duty to provide information directly to the consumer of a prescription drug. The motion was grounded on the "learned intermediary" rule, by which the manufacturer satisfies its duty to warn of risks inherent in its product by providing adequate information to prescribing physicians, who in turn pass on to their patients whatever information, in whatever form, they believe best for each patient's individual medical circumstances.

■ The learned intermediary rule carefully allocates the duties of educating physicians, on the one hand, and warning patients, on the other, of the risks inherent in prescription medicines. The drug manufacturer has a duty to warn physicians, but has no duty to assist physicians in communicating with their patients. The rule requires manufacturers to provide physicians with warnings which give "adequate notice of possible complications", *Brooks v. Medtronic, Inc.*, 750 F.2d 1227, 1231 (4th Cir. 1984); which are "sufficient to put the physician on notice" of possible dangers, *Kinney v. Hutchinson*, 468 So.2d 714, 718 (La. App.1985); which "disclose the nature and extent of the danger", *Perfetti v. McGhan Medical*, 662 P.2d 646, 650 (N.M.App.1983); and which "reasonably discloses to the medical profession all risks inherent in the use of the drug which the manufacturer knew or should have known to exist", *Williams v. Lederle Laboratories*, 591 F.Supp. 381, 384 (S.D.Ohio 1984), *quoting Seley v. G.D. Searle & Co.*, 67 Ohio St.2d 192, 423 N.E.2d 831 (1981). By so doing, the cases unanimously hold, the manufacturer satisfies its duty. How the physician communicates the medicine's dangers to the patient is the physician's own decision, and his or her independent duty. There is no legal support for imposing upon a drug manufacturer an "advisory" role in that decision. Education of the physician, on the one hand, and communication to the patient, on the other, are distinct processes, and the manufacturer's duty involves only the former. As explained by the court in *Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1276 (5th Cir.1974), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 687, 42 L.Ed.2d 688 (1974):

> Prescription drugs are likely to be complex medicines, esoteric in formula and varied in effect. As a medical expert, the prescribing physician can take into account the propensities of the drug, as well as the susceptibilities of his patient.... The choice he makes is an informed one, an individualized medical

judgment bottomed on a knowledge of both patient and palliative. Pharmaceutical companies then, who must warn ultimate purchasers of dangers inherent in patent drugs sold over the counter, in selling prescription drugs are required to warn only the prescribing physician, who acts as a "learned intermediary" between manufacturer and consumer.

On May 30, 1986, Superior Court Judge Brian Shortell granted Upjohn's motion for summary judgment. Judge Shortell ruled that:

> The plaintiff shall be precluded from arguing or presenting evidence in support of the proposition that the defendants had a duty to warn Polley *directly* of the dangers associated with using their products.
>
> . . . .
>
> This ruling shall not preclude plaintiff from contending that the defendants' duty to warn Polley's physician was violated because they did not provide adequate materials to the physician to aid him in his duty to advise his patient. . . . It is possible that the patient brochures evidence available to plaintiff may be admissible on the issue whether the manufacturers' duty to warn, advise, and assist the physician has been breached. My ruling that the defendants have no duty to warn the patient directly does not categorically preclude such evidence if it is relevant to issues relating to duty to warn the "learned intermediary".

Emphasis in original.

Upjohn correctly concludes that Judge Shortell's ruling did not decide the admissibility of "patient brochures" as evidence, but rather left the issue open for later decision. Upjohn, however, misinterprets Judge Shortell's ruling by concluding that the ruling creates a "patient brochures loophole".

The plain language of Judge Shortell's ruling does not indicate an effort to extend the manufacturer's duty under the learned intermediary rule. Rather, the ruling simply leaves open the *possibility* that patient brochures evidence *may* be admissible on the issue of whether the manufacturer has breached its duty to warn the physician *if* such patient brochures evidence "is relevant to issues relating to duty to warn the 'learned intermediary'."

■ Hence, if other evidence is inconclusive as to whether the manufacturer adequately warned the physician under the learned intermediary rule, then the patient brochures evidence would be admissible. On the other hand, if other documents and/or testimony of the physician and the manufacturer's detailmen establish that the manufacturer's duty has been met, then the patient brochures evidence might indeed be irrelevant.

In short, such patient brochures evidence will be relevant only when it sheds light on whether or not the manufacturer fulfilled its duty under the learned intermediary rule to warn physicians of possible dangers and complications. Judge Shortell's ruling creates no specific duty to provide patient brochures to physicians. It merely indicates that evidence of such patient brochures might be relevant in some circumstances.

Consequently, this Court denies Upjohn's request for a ruling that evidence of patient brochures is irrelevant to a manufacturer's duty to warn.

Plaintiff requests this Court to rule on, or to certify to the Alaska Supreme Court, the question of a drug manufacturer's duty to provide direct warnings to patients. Upjohn opposes Plaintiff's attempt to resurrect the learned intermediary doctrine as an issue before this Court or to certify it to the Alaska Supreme Court. Upjohn argues that the question of a drug manufacturer's duty to provide direct warnings to patients has been resolved unequivocally and adversely to Plaintiff by Judge Shortell's order of May 30, 1986.

■ There is no real controversy concerning the learned intermediary rule which would justify certifying the question of direct patient warnings to the Alaska Supreme Court. Every single court which has considered the issue in the context of prescription medicines—except for oral contraceptives or mass immunizations, situa-

tions in which the physician's traditional role as a learned intermediary is minimized—has concluded that there is no duty on the part of the manufacturer to warn the patient directly of risks inherent in the prescription medicine. There is nothing peculiar in either Alaska case law or Plaintiff's factual circumstances to suggest that the Alaska Supreme Court would diverge from the unanimity of other jurisdictions on this question.

Consequently, this Court denies Plaintiff's request for certification and adopts Judge Shortell's May 30, 1986, ruling as the law of the case. The learned intermediary doctrine applies to the present case and, therefore, the defendant drug manufacturers had no duty to advise patients directly or to provide patient brochures to physicians for distribution to patients.